IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARBARA PERRY )
)
v. ) NO. 3-13-1146
) JUDGE CAMPBELL
AMERICAN RED CROSS BLOOD )
SERVICES )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 35). For the reasons stated herein, Defendant's Motion is GRANTED.

INTRODUCTION

Plaintiff filed this employment discrimination action against her former employer, Defendant American Red Cross Blood Services, alleging violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

Plaintiff's Amended Complaint asserts that she is a "qualified individual with a disability" under the ADA, that Defendant failed to make reasonable accommodations for her disability, and that Defendant fired her because of her disability.[1] Plaintiff's Amended Complaint also alleges violations of the Family Medical Leave Act. Docket No. 9.

Plaintiff's arguments conflate the ADA and the FMLA as if the standards were the same, which they are not. For example, Count Two of Plaintiff's Amended Complaint alleges simply that "the intentional acts and omissions as described herein by the Defendant constitute violations of the Family Medical Leave Act," as if the allegations regarding the FMLA are the same as those

---

[1] Plaintiff has conceded her ADA retaliation claim, Docket No. 43-1, so that claim is DISMISSED.

regarding the ADA. Docket No. 9. In her deposition, Plaintiff stated that the facts which prove she was discriminated against because of her disability are "Because I was approved for the FMLA and I was fired a month after that." Docket No. 36-11, p. 17 (Plaintiff's Dep., p. 105).

The FMLA does not deal with disability discrimination. A "serious health condition" under the FMLA is not the same as a "disability" for purposes of the ADA. The ADA, not the FMLA, requires an employer to accommodate an employee's "disability" under appropriate circumstances. The FMLA, not the ADA, requires an employer to allow an employee leave of up to 12 weeks for a "serious health condition." The two Acts are not the same.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been

presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AMERICANS WITH DISABILITIES ACT

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) she has a disability, as defined in the ADA; (2) she is qualified to perform the essential functions of her position, with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Demyanovich Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014).[2]

The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse employment action. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 992 F.Supp.2d 841, 855 (M.D. Tenn. 2014).

Thus, in order to proceed with her claims under the ADA, Plaintiff must meet the threshold burden of showing that she is a "disabled" individual within the meaning of the ADA. If Plaintiff has

---

[2] If the Plaintiff establishes this *prima facie* case, then the burden shifts to the Defendant to offer a legitimate, nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the Defendant makes this showing, which is a burden of production, not persuasion, the Plaintiff must then present evidence allowing a jury to find that the Defendant's explanation is a pretext for unlawful discrimination. *Id.*

3

no "disability," then Defendant cannot be liable for discrimination because of it or failure to accommodate it.

Under the ADA, a "disability" is defined in three ways: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). For purposes of this definition, "major life activities" include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2).

Plaintiff has alleged five disabilities: (1) pain in her foot following a procedure in September 2010; (2) injuries caused by a fall from a ladder in May 2012; (3) essential tremor; (4) heart conditions, including cardiac entrapment and mitral valve prolapse; and (5) lung conditions, including asthma and emphysema. Docket No. 42, ¶ 14. However, as Defendant points out, Plaintiffs' ADA claims for failure to accommodate are based exclusively on her foot surgery and her fall from a ladder.

The 2008 Amendments to the ADA broadened the scope of impairments that qualify as disabilities, but still not every impairment, illness or injury will constitute a disability. Under the Amendments, the definition of "disability" must be construed in favor of broad coverage of individuals under the ADA. Nonetheless, "[t]he ADA is not a general protection for medically afflicted persons." *Evola v. City of Franklin, Tenn.*, 18 F.Supp.3d 935, 945 (M.D. Tenn. 2014).

Plaintiff has provided no medical proof that her alleged medical conditions substantially limited a major life activity. Her own conjectures are insufficient to survive summary judgment on

whether she was "disabled" under the ADA.[3] For example, although Plaintiff claims that her foot surgery caused her to suffer from a physical impairment in late December 2010 and early 2011, her own physician testified that there were no clinical findings to support Plaintiff's claim that she could not do her job or go back to work after eight weeks off. Docket No. 36-39, pp. 3-4 (Nuss Dep., pp. 11-12) ("there was no clinical findings or complications why she needed extra time."). He did not testify that Plaintiff was substantially limited in a major life activity.

Similarly, with regard to her fall from the ladder, Plaintiff's physician recommended two restrictions: (1) that she not work more than 8 hours per day and (2) that she not lift more than 15 pounds. Docket No. 36-41, p. 5 (Darwin Dep., p. 19). He did not testify that Plaintiff was substantially limited in a major life activity.

Plaintiff argues that Defendant "ignores the fact that Plaintiff not only received approved FMLA leave for both occurrences . . . but also ignores the validity of the doctor's notes . . .." Neither receiving FMLA leave nor having a doctor's note proves that she had a "disability" as defined in the ADA. Plaintiff must show more than simply stating she was ill or she was injured to demonstrate that she qualified for protection under the ADA. Even under the more lenient standard established through the 2008 Amendments, Plaintiff has not carried her burden to show that she was "disabled" within the meaning of the ADA.[4]

---

[3] For example, Plaintiff claims that her illnesses were "chronic," but she fails to show that a condition's being "chronic" makes it a "disability" under the ADA.

[4] Plaintiff also claims that there was a record of her disability and that Defendant regarded her as disabled. Her arguments with respect to these claims, however, focus on her FMLA-related leave and do not show that she was regarded as having a physical or mental impairment that substantially limits one or more of her major life activities.

Even if Plaintiff had carried her burden to establish a genuine issue of material fact as to whether she was "disabled," her failure to accommodate claims must be dismissed for failure to exhaust administrative remedies. This Court does not have subject matter jurisdiction of Plaintiff's ADA claim unless Plaintiff explicitly filed the claim in an EEOC charge or the claim could reasonably be expected to grow out of the EEOC charge. *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000).

Plaintiff's EEOC Charge of Discrimination (Docket No. 36-37) states that the date upon which the alleged discrimination both began and ended was July 31, 2012, the date Plaintiff was fired. The EEOC charge does not mention failure to accommodate; it alleges that Plaintiff was discriminated against because of her disability and in retaliation for reporting a supervisor's alleged falsification of documents. A failure to accommodate claim does not reasonably grow out of these facts and claims. Her EEOC charge specifically alleged only a termination claim.[5]

Defendant argues that Plaintiff's claim related to her foot surgery is also time-barred, since her need for accommodations related to that surgery ended on May 1, 2011, at the latest and she did not file her EEOC charge until December 6, 2012. Plaintiff's response to this argument is non-responsive since it focuses on an alleged hostile work environment claim, not on the failure to accommodate claim. Nowhere in the EEOC charge or the Amended Complaint does Plaintiff allege a hostile work environment, and any such claim is not before the Court. Plaintiff's failure to accommodate claim related to her foot surgery is, as Defendant argues, time-barred.

---

[5] This case differs from *Holmes v. Alive Hospice, Inc.*, 2015 WL 459330 (M.D. Tenn. Feb. 3, 2015), cited by Plaintiff, in that Plaintiff's requests for accommodations occurred prior to her termination. Her termination coincided with her FMLA-related leave, not with her failure to accommodate claims.

In addition to her failure to accommodate claims, Plaintiff alleges that she was fired because of her alleged disabilities, specifically her essential tremor, heart conditions and lung conditions. Once again, however, Plaintiff has failed to demonstrate that these conditions meet the definition of "disabilities" under the ADA. Moreover, Plaintiff has not shown a causal link between these alleged disabilities and her termination.

Even if Plaintiff had established that she is "disabled" under the ADA, Defendant has offered a legitimate, nondiscriminatory reason for its adverse action and Plaintiff has not shown that Defendant's explanation was a pretext for unlawful discrimination. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). Plaintiff argues that the record is full of proof that Plaintiff was fired because of her absences. No one denies that fact. It is not illegal, however, to fire someone because of her absences, unless that firing otherwise violates the law.

Defendant's decision to fire Plaintiff centered on her absenteeism, not on any perceived or alleged disability. As Defendant notes, being absent from work is not a disability. *Gecewicz v. Henry Ford Macomb Hosp. Corp.*, 683 F.3d 316, 322 (6th Cir. 2012). Defendant is not required to suspend its disciplinary procedures for absences just for Plaintiff or to allow Plaintiff to be absent more often than other employees are allowed to be absent. *Joyner v. BellSouth Telecommunications, LLC*, 2015 WL 328206 at * 7 (M.D. Tenn. Jan. 23, 2015). In addition, Plaintiff has not shown that she was treated differently from non-disabled employees with regard to her absences.

Plaintiff testified that the facts which she believes prove she was fired because of her disability are that she was approved for FMLA leave and was fired a month after that. She stated that there are no other facts upon which she relies to support her claim that she was fired based upon a

7

disability. Docket No. 36-11, pp. 17-18 (Plaintiff's Dep., pp. 105-06). As explained earlier, approval for FMLA leave does not alone mean that a person is "disabled" under the ADA.

Alternatively, even if Plaintiff established a *prima facie* case of disability discrimination related to her firing, she has not shown that Defendant's legitimate, nondiscriminatory reason for her firing, excessive absenteeism, was pretext. Plaintiff admits that she received a verbal warning based upon four unscheduled absences on April 19, 2001 (Docket No. 42, ¶ 8); that she receiving a written warning based on another unscheduled absence (*Id.*, ¶ 9); that she was issued a second written warning on October 4, 2011 (*Id.*, ¶ 10); and that she received a final written warning on January 13, 2012 (*Id.*, ¶ 11).

Plaintiff does not dispute that she missed work, unscheduled, on October 3, 2011, for a neck injury; that she left work, unscheduled, on January 13, 2012; that she was absent, unscheduled, on April 24, 2012, and on May 5, 2012; and that, on July 27, 2012, she was absent because she "overslept," although she states she has no recollection of this occurrence. Plaintiff argues that her July 24, 2012 absence was for food poisoning, but she does not dispute that this absence was unscheduled. Docket No. 42, ¶ 32. Plaintiff has not shown that Defendant's reason for firing her was pretextual and was, instead, based upon her alleged disabilities.

For all these reasons, Defendant's Motion with regard to Plaintiff's ADA claims is granted and those claims are dismissed.

## FAMILY AND MEDICAL LEAVE ACT

Plaintiff's Response to Defendant's Motion for Summary Judgment states that "Plaintiff has provided sufficient evidence of disability discrimination to deny summary judgment on her FMLA claim." As noted above, however, the FMLA does not deal with disability discrimination.

The FMLA entitles eligible employees to take up to twelve weeks of leave during any twelve month period because of a "serious health condition" that makes the employee unable to perform the functions of her job. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice or residential medical care facility; or (B) continuing treatment by a health care provider. 29 U.S.C. § 2611(11).[6] The FMLA recognizes two types of claims: interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled; and retaliation claims, in which employers initiate adverse employment actions against employees for exercising their FMLA rights to take leave. *Romans v. Michigan Dept. of Human Servs.*, 668 F.3d 826, 840 (6th Cir. 2012).

Thus, an employer violates the FMLA when it interferes with, restrains, or denies the exercise of an employee's FMLA rights or the employee's attempt to exercise such rights. *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 427 (6th Cir. 2014). An employer is prohibited from discharging or in any other manner discriminating against an employee for opposing any practice made unlawful under the FMLA. *Id*.

To establish a *prima facie* case of FMLA interference, Plaintiff must show that (1) she was an eligible employee; (2) Defendant was a covered employer; (3) she was entitled to take leave under the FMLA; (4) she notified Defendant of her intent to take leave; and (5) Defendant denied her the

---

[6] In arguing that she had a serious health condition, Plaintiff states that her disabilities were clearly documented and meet the broad definition of "substantially limits" as required by the FMLA. "Substantially limits" is not required by the FMLA. Again, Plaintiff is citing to an ADA standard.

9

benefits or rights to which she was entitled under the FMLA. *Demyanovich*, 747 F.3d at 427.[7]

Interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct. *Id*. at 431.

Plaintiff does not deny that she was granted FMLA leave. *See* Docket No. 42, ¶¶ 15, 20, 25, 29, and 30. Plaintiff also does not deny that she failed to report the absences upon which her termination was based. *Id*., ¶ 46. Plaintiff argues that reporting these absences was not a requirement to take FMLA leave (*id.*), yet she admits that she received several notifications from Defendant that such reporting was required. *Id*., ¶¶ 7, 25 and 26.

In other words, Plaintiff has not shown that she notified Defendant of her intent to take FMLA leave for the absences which she now claims were FMLA-related. Plaintiff has also not shown that when Defendant expressly denied her requests for FMLA leave (because of her failure to provide medical certification, for example), Defendant denied her benefits or rights to which she was entitled under the FMLA.

The Court finds that Plaintiff has not created a genuine issue of material fact with regard to her FMLA interference claim and Defendant is entitled to judgment on that claim.

To establish a *prima facie* case of FMLA retaliation, Plaintiff must show that (1) she engaged in activity protected by the Act; (2) Defendant took an adverse employment action against her; and

---

[7] Plaintiff's assertion that the *McDonald Douglas* burden-shifting framework does not apply to FMLA interference claims is incorrect. Once Plaintiff has established a *prima facie* case of interference, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its actions. *Demyanovich*, 747 F.3d at 427. If it articulates such a reason, the burden shifts back to Plaintiff to rebut the reason by showing it to be pretextual. *Id*. Plaintiff can show that the reason is pretext for discrimination by showing that it (1) has no basis in fact; (2) did not actually motivate the action; or (3) was insufficient to motivate the action. *Id*. at 431.

(3) there was a causal connection between the protected activity and the adverse employment action. *Romans*, 668 F.3d at 842.

If Plaintiff establishes this *prima facie* case, then Defendant must articulate a legitimate, non-discriminatory reason for its actions. Plaintiff may then attempt to show that Defendant's reason was pretext for retaliation. *Id*. Plaintiff must always produce sufficient evidence from which the jury could reasonably reject Defendant's explanation and infer that Defendant intentionally discriminated against her. *Travers v. Cellco Partnership*, 579 Fed. Appx. 409, 416 (6th Cir. 2014).

Plaintiff has shown that she engaged in protected activity, when she requested and took FMLA leave. She has also shown that Defendant took an adverse employment action against her when it fired her. As noted above, however, Defendant has articulated a legitimate, non-discriminatory reason for its actions, and Plaintiff has not shown that reason to be pretext for retaliation. For these reasons, the Court finds that Plaintiff has failed to create a genuine issue of material fact with regard to her FMLA retaliation claim as well.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 35) is granted, and this action is dismissed.

IT IS SO ORDERED.

                                                                                                                                           _____
                                                                     TODD J. CAMPBELL
                                                                     UNITED STATES DISTRICT JUDGE